Ronald STEVENS

v.

CITY OF BATON ROUGE, et al.

Civ. A. No. 82–250.

United States District Court, M.D. Louisiana.

Nov. 22, 1988.

Ronald L. Wilson, New Orleans, La., John L. Avant, Baton Rouge, La., for plaintiffs.

Gordon A. Pugh, Murphy J. Foster, III, Breazeale, Sachse & Wilson, Baton Rouge, La., Jeff C. Calmes, Davis & Calmes, Baton Rouge, La., for defendants.

## OPINION

POLOZOLA, District Judge.

Ronald Stevens is a black police officer employed by the Baton Rouge City Police Department who claims he and members of the class he purports to represent have been discriminated against because of their race. Stevens[1] filed this suit against the City of Baton Rouge, Mayor Pat Screen, former Police Chief Pat Bonanno, Personnel Administrator Ben Jeffers, the Municipal Fire and Police Civil Service Board and the Fraternal Order of Police.[2] Marie Fox, the State Examiner, Municipal Fire and Police Civil Service Board filed a petition of intervention. The parties have agreed to submit the matter to this Court on cross motions for summary judgment. For reasons which follow, the Court finds that:

(1) Plaintiff's motion to certify this matter as a class action should be denied;

(2) Plaintiff's motion for summary judgment should be denied; and

(3) Defendants' and intervenor's motion for summary judgment should be granted.

## I. Background

Ronald Stevens is a black person who has been a member of the Baton Rouge Police Department since 1975. At the time the pretrial order was prepared, there were no black majors or captains on the Baton Rouge Police force. Plaintiff filed a charge of discrimination against defendants on November 19, 1976. Ronald Stevens took the entrance level examination for the position of patrolman on March 18, 1974 and made a score of 78. He was appointed to the police department on January 22, 1975. Thereafter, plaintiff took the promotional examination for police corporal on March 1, 1978, November 5, 1979 and June 9, 1981. Plaintiff passed the test on each occasion with scores of 75, 75 and 86, respectively. The City of Baton Rouge has been and is complying with the consent decree entered in the class action suit entitled *United States of America v. City of Alexandria*, 614 F.2d 1358 (5th Cir.1980). Plaintiff and intervenor further agreed to the following stipulation:

It is stipulated by and between Ronald Stevens and the State of Louisiana, Office of State Examiner, Municipal Fire and Police Civil Service, that this Honorable Court not adjudicate on the trial of this matter any issue as to the validity, legality, or constitutionality of any entrance level examination, or any promotional examination for any position, including, but not limited to corporal or sergeant, administered by the Office of State Examiner, Municipal Fire & Police Civil Service for employment or promotion in the Baton Rouge Police Department, and further, that the Court not adjudicate the question of the validity, legality or constitutionality of the promotional system for police officers established by the Louisiana Municipal Fire and Police Civil Service Law pursuant to R.S. 33:2471 et seq., it being understood

---

1. This suit was also filed by Bobby Brown. Brown dismissed his suit.

2. The individual members of the Board were also sued.

that neither Plaintiff nor Defendant-Intervenor will offer any evidence addressing such issues.[3]

After the above stipulation was filed, the plaintiff and the City of Baton Rouge agreed to the following additional stipulation:

Mr. Wilson [plaintiff's counsel] and I have now agreed that all that remains at this point is a matter of law—that is, whether or not the promotional system within the Baton Rouge Police Department is discriminatory. There is no dispute as to any material fact, but rather only as to whether or not the system which takes into consideration the date of hire plus test scores is an equitable and nondiscriminatory system as pertains to federal and statutory law.

## II. Factual Determinations

As noted above, the parties stipulate there is no dispute as to the material facts in this case. Thus, the Court makes the following findings of fact which are not in dispute.

The Office of the State Examiner of Municipal Fire and Police Civil Service is charged by the law of the State of Louisiana with the preparation and administration of entry level and promotional tests for firefighters and municipal policemen embraced within the Municipal Fire and Police Civil Service system created by Louisiana law. As a part of the responsibilities of the Office of State Examiner of Municipal Fire and Police Civil Service it is required to keep records with respect to every employee in said system, which records reveal among other things, the date of the employee's first employment by a particular municipality or parish or fire protection district within the system, the date and score achieved on every test whether entry level or promotional taken by any firefighter or police officer within the system, and the date of promotion of any firefighter or police officer promoted within the system.

The Office of State Examiner, Municipal Fire and Police Civil Service further records, with respect to each person within the system, the date of initial employment and the date on which such person completes the statutorily required work test period and is regularly and permanently appointed to a classified position within the system.

Prior to April of 1977 there was no designation of the race or sex of any applicant or member of the classified fire and police municipal civil service in the records maintained by the Office of State Examiner.

Since April 1, 1977, at the request of the Civil Rights Division, United States Department of Justice and as required by the Consent Decree entered in the matter of *United States of America v. City of Alexandria,* 614 F.2d 1358 (5th Cir.1980), the race and sex of each person employed, regularly or permanently appointed or tested for an entry level position or promotional position in the Municipal Fire and Police Civil Service, has been recorded by the Office of State Examiner, Municipal Fire and Police Civil Service. These records are periodically provided to the Civil Rights Division of the United States Department of Justice.

Ronald Stevens was probationally appointed as police officer in the Police Department of the City of Baton Rouge on January 22, 1975 and successfully completed the work test period provided by law on September 30, 1975, at which time he was regularly and permanently appointed as a police officer in the Police Department of the City of Baton Rouge. The Municipal Fire and Police Civil Service law requires that each entry level appointee, or one who has received a promotion, serve a work test period of not less than six months nor more than twelve months before he may be permanently appointed to either position in question.

Ronald Stevens took the entrance level examination for police officer in the Baton

---

**3.** The parties to the stipulation further stated that the "issues of the validity, legality or constitutionality of the said entrance level and promotional examinations and of the promotional systems aforesaid be adjudicated only if this matter is ever certified to be tried as a class action."

Rouge Police Department on March 18, 1974 and achieved a passing grade of 78, 75 being the minimum passing grade.

On March 1, 1978, November 5, 1979, June 8, 1981, January 27, 1983, September 17, 1984 and April 9, 1986, Ronald Stevens successfully passed the promotional examination for corporal in the Baton Rouge Police Department.

On January 1, 1987, Ronald Stevens was probationally appointed to the position of corporal in the Baton Rouge Police Department.

Under Louisiana law, promotions within the classified police service are made from a promotional list consisting of those persons who have successfully passed the promotional examination for the position in question. Persons are listed on the promotional list in the order of their total departmental seniority and the position must be offered to that person on the promotional list with the greatest total departmental seniority.

From the date Ronald Stevens first successfully completed the corporal examination on March 1, 1978 until the date of his promotion to corporal on January 1, 1987, no person with less total departmental seniority than Ronald Stevens was promoted to the position of corporal.

On July 20, 1987, Ronald Stevens successfully completed the examination for police sergeant with a passing score of 85.

The promotional list compiled from the examination for police sergeant given on July 20, 1987 and approved by the local Municipal Fire and Police Civil Service Board for the City of Baton Rouge on July 24, 1987 will remain in effect until January 24, 1989 and Ronald Stevens is eligible for promotion to the position of police sergeant from the list during this period of time, depending upon his total departmental seniority and his position on said list. No person on the promotional list for sergeant with less total departmental seniority than

Ronald Stevens has been promoted to the position of sergeant.

In summary, Officer Ronald W. Stevens has taken the entrance level examination for police officer administered by the Office of State Examiner for Municipal Fire and Police Civil Service on one occasion, has taken the promotional examination for the position of corporal six times, and the promotional examination for the position of sergeant one time and has successfully passed every test he has taken.

The validity of the testing procedure and the entrance level, corporal and sergeant tests in question is not challenged or disputed by the parties. The promotional system established by the Louisiana statutes is not challenged by the parties. Its constitutionality is stipulated.

The Baton Rouge City Police Department, when confronted with two or more police officers with identical departmental seniority who have all passed the promotional exam, looks to the highest exam score to determine which of those police officers with identical seniority will first be eligible for the promotional position opened. In other words, if police officers A, B, and C have identical departmental seniority and test scores of 75, 77 and 79, respectively, then Officer C will be offered the first promotional position which becomes available. This extension of the statutory promotional system outlined above has never been challenged by the United States Justice Department and no challenge has been raised in the Eastern District in the *City of Alexandria* case. Yet, it is this extension of the statutory promotional system which plaintiff now contests.

### III. Legal Determinations

#### A. Plaintiff's Class Action

Plaintiff filed this action as a class action under Rule 23 of the Federal Rules of Civil Procedure.[4] In order to satisfy the requirements of Rule 23, plaintiff must show the following:

---

**4.** As noted earlier in this opinion, a class action suit has been filed by the United States against various police departments, including the City of Baton Rouge. A consent decree has been entered in that case. *United States v. City of Alexandria*, 614 F.2d 1358 (5th Cir.1980). No violations of the *City of Alexandria* consent decree are alleged by the plaintiff in this case.

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and,

(4) The representative parties will fairly and adequately protect the interest of the class.

■ Plaintiff has failed to satisfy the requirements of Rule 23. Indeed, plaintiff has failed to produce evidence which shows the members of the class are so numerous as to make joinder impracticable. Plaintiff has also failed to demonstrate that he is a proper representative of the class he seeks to represent. Therefore, plaintiff's motion to certify this action as a class action is denied.

**B. The Motion for Summary Judgment**

The defendants and the intervenor have filed a motion for summary judgment. They contend the state statutory provisions as extended by the City of Baton Rouge do not discriminate against blacks.

Louisiana Revised Statutes 33:2491(D)[5] and 33:2494(C)[6] set forth the procedures by which police officers are promoted in Louisiana under the Louisiana statutes, the name of any person who passes the examination is placed upon a promotional list.

As positions become open, persons are selected from the list according to seniority. No other subjective criteria are used by the State. Thus, under the state scheme, which is not being contested in this suit, scores are only relevant in determining if an applicant passed the examination.

The Baton Rouge Police Department uses the test scores for an additional reason which is not mandated by the state statute. Under the procedures used in Baton Rouge, the scores are used as a tie breaker in the event two applicants with the same seniority who have passed the examination are up for promotion. Under this factual situation, the police department would promote the person with the highest test score.

■ Because this matter is before the Court on a motion for summary judgment, the Court must follow the guidelines set forth by the United States Supreme Court and the Fifth Circuit Court of Appeals in *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986). Under these decisions, the plaintiff bears the burden of proving that he has been discriminated against by the defendants because of

---

**5.** Louisiana Revised Statute 33:2491(D) provides:

D. Names of persons attaining a passing score on a promotion test shall be placed upon the promotion employment list for the class for which they were tested from highest to lowest, according to their total seniority in the departmental service. The names of persons attaining a passing score on a competitive test shall be placed upon the competitive employment list for the class for which they were tested, from highest to lowest, according to their final test score.

**6.** Louisiana Revised Statute 33:2494(C) provides:

C. In the event a vacancy cannot be filled by reinstatement, or by reemployment as above provided, the board shall next certify the names of the persons upon the promotional list, in the order in which they appear thereon, for the class in which the vacancy is to be filled. The appointing authority shall select and appoint to the first vacancy to be filled the one person certified to him who has the greatest seniority in the departmental service. Any remaining positions to be filled in the same class shall be filled by appointing to each such successive vacancy the one of the remaining persons certified therefor who has the next highest seniority in the departmental service. If any one or more persons so certified should refuse the appointment, the appointing authority shall then select and appoint one of the persons certified by the board with the next highest seniority in the departmental service. This procedure shall be followed until the position has been filled by appointment of the one person who has the greatest seniority in the departmental service, and who is willing to accept the appointment, or until each person whose name appears upon the list, has in this order been certified and offered the appointment for the vacancy.

his race. Plaintiff has failed to carry this burden. Plaintiff asserts that the use of seniority and test scores to determine promotions is discriminatory. However, plaintiff has not produced any evidence to support this assertion. The Court refuses to hold as a matter of law that the use of seniority and test scores is discriminatory.

There is no evidence that plaintiff was discriminated against because of the seniority system used by the police department. Although plaintiff contends that the test scores are discriminatory, he has failed to support this conclusionary allegation with evidence. In fact, the record reveals that plaintiff has never failed an examination. The evidence further reveals that plaintiff's test scores have never prevented him from getting a promotion or that the test scores were even used to his detriment to break a tie because of seniority. In short, plaintiff has failed to prove that the system of which he complains discriminated against him to his detriment. For these reasons, plaintiff's motion for summary judgment is denied. The motions of intervention and the defendants' motion for summary judgment are granted. Plaintiff's suit is dismissed with prejudice at plaintiff's costs.

Judgment shall be entered accordingly.