Dear Mr. Cespiva:
This office is in receipt of your opinion request concerning the appointment of a substitute employee to fill a vacancy left by a fire dispatcher on sick leave.
R.S. 33:2556(2) governs our response to your inquiry. The statute provides that where there is an absence in a position for not more than thirty days, the appointing authority may make a substitute appointment to "any one whom he deems qualified" to any position in the classified service from which the regular and permanent employee is away on authorized leave. If an absence should exceed thirty days, R.S. 33:2556(2) provides that a substitute appointment "shall be made in the same manner as provided in R.S. 33:2554" for the filling of a vacancy by a regular and permanent appointment. R.S. 33:2554 provides that substitute appointment must be made from the reinstatement list, the re-employment list, or the promotion list, in that order. In accord are Attorney General Opinions 96-260 and 97-39, copies which are enclosed for your further review and file.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date received: Date released: February 5, 2001
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 97-39
FEBRUARY 17, 1997
9 — CIVIL SERVICE COMMISSION 71-1-1 MUNICIPAL FIRE POLICE CIVIL SER. LSA-R.S. 33:2533(20); LSA-R.S. 33:2551(4) LSA-R.S. 33:2554; LSA-R.S. 33:2556(2)
Use of promotional test scores to break tie between eligible candidates who share identical seniority is not illegal.
Mr. Terrel Noland St. Tammany Fire District #1 Civil Service Board 34870 Grantham College Road Slidell, Louisiana 70460
Dear Mr. Noland:
This office is in receipt of your request for an opinion of the Attorney General in regard to determining exactly when seniority is established for multiple employees hired on the same date, and secondly, about appointing a substitute employee to fill a vacancy left by another employee on leave. Specifically, you ask the following questions:
 1. Does the score on a promotional test break the tie when seniority is identical for two or more employees? The circumstances contemplated are that an employee would seek promotion within his class based upon his ranking as having highest seniority.
 2. Can the practice of establishing seniority by using the scores from the civil service entrance exam, which has been used by the governing authority up to this date, be overruled by the Board of Commissioners, thereby removing seniority which was vested in employees by the governing authority?
 3. Who is the district required to appoint to fill the vacancy left by a deputy fire chief who is out of office due to sickness, vacation, etc.
In addressing your first inquiry, we look to LSA-R.S. 33:2533 (20) which defines "seniority" as:
 the total employment computed for an employee beginning with the date on which he was regularly and permanently appointed and has worked continuously, to and including the date of computation. Time during which an employee has served in the armed forces of the United States subsequent to May 1, 1940 shall be construed to mean continuous service and shall be included in the computation of his seniority. Total seniority in the departmental service, including positions of any and all classes, or seniority in any one or more given classes, may be computed for an employee, but in either case employment shall be continuous and unbroken by a resignation or discharge of the respective employee. An employee who is finally discharged or resigns from his position shall forfeit all accumulated seniority. An employee who is suspended and returns to his position immediately following the expiration of his suspension shall not forfeit his seniority accumulated to the date of his suspension, but he shall not be given credit for the lost time at any future compensation.
Pursuant to the statute, seniority begins to toll on the first date on which an employee is regularly and permanently appointed and it terminates when an employee is discharged or resigns. Accordingly, if two or more employees were regularly and permanently appointed on the same day then they all enjoy identical seniority.
LSA-R.S. 33:2551 (4) refers to the order of listing employees on a promotional employment list and states as follows:
 Names of persons attaining a passing score on a promotion test shall be placed upon the promotion employment list for the class for which they were tested, from highest to lowest, according to their total seniority in departmental service. The names of persons attaining a passing score on a competitive test shall be placed upon the competitive employment list for the class for which they tested, from highest to lowest, according to their final test scores.
The score received on a promotional test does not change the seniority of an employee, nor does it "break" identical seniority shared by employees. Seniority is created by law and does not change unless an employee resigns or is terminated.
LSA-R.S. 33:2551 (4) does not suggest that identical seniority shared by multiple employees is altered according to the test scores received on the promotional test. The law provides that those employees who share identical seniority and pass the promotional test are placed on the promotion employment list according to "their total seniority in departmental service" and not by their test scores. Therefore, employees with identical seniority who have passed the promotional test have their names placed on the promotional employment list at the same rank. The result is that any of the four employees who enjoy identical seniority whose names were placed on the promotional list may be chosen for the position.
We cannot find illegal the practice by the governing authority of the use of promotional examination test scores to break ties when eligible candidates have the same seniority date. The case of Stevens v. City ofBaton Rouge 700 F. Supp. 869 (M.D. 1988) reflects that a black police officer failed to show that the use of promotional test scores to break ties when the candidates had the same seniority date was discriminatory. The inference from the case is that the practice is permissible.
In contrast, employees who share identical seniority and who attain a passing score on the competitive test are not placed equally on the competitive employment list. LSA-R.S. 33:2551 (4) mandates that employees who pass the competitive test are ranked from highest to lowest according to their test scores and not according to seniority. If four employees with identical seniority took a competitive test their names would be placed on the competitive employment list from highest to lowest score. The result is that although all four employees share identical seniority, that factor is irrelevant when compiling a competitive employment list, and the employee with the highest competitive test score would be chosen for the position.
In conclusion to your first inquiry, it is the opinion of this office that a group of employees who are confirmed on the same date enjoy identical seniority, and although any employee may be chosen to fill the position, it is permissible to break ties using promotional test scores. The governing authority may also disregard the test scores and may choose any of the employees for the promotional position. It is reiterated that seniority is not affected by the individual's promotional test score. For purposes of the competitive positions, seniority plays no role, and the individual selected must have obtained the highest test score on the competitive exam. We also note that this conclusion is in conformity with that expressed by Mr. Paul Daly, the State Examiner of the Municipal Fire and Police Civil Service, who was consulted in the drafting of this opinion.
Regarding your second inquiry, you ask whether the Board of Commissioners can overrule the governing authority's practice of establishing seniority by using the scores from the civil service entrance exam, thereby removing seniority which was vested in employees by the governing authority. As discussed above, seniority is created by virtue of law, in particular, LSA-R.S. 33:2533 (20), which states that seniority begins to toll on the date when an employee has been permanently confirmed and seniority does not change unless an employee resigns or is terminated. Seniority is established and accumulates under the operation of the law and any method used by a governing authority to divest employees of seniority is without effect.
Responding to your third question requesting clarification on the issue of when a district chief is to be upgraded to the position of deputy fire chief when the deputy fire chief is out of office due to sickness, vacations, schooling, etc., we refer you again to LSA-R.S. 33:2556 (2), which provides for temporary appointments. The statute provides that "a substitute appointment may be made to any position in the classified service (1) from which the regular and permanent employee is away on an authorized leave of absence, or (2) from which the regular employee is substituting for some other regular employee who is authorized to be away from his position." The statute also provides that "whenever such appointment shall continue for not more than thirty days, the appointing authority may appoint thereto any one whom he deems qualified." If the absence should exceed thirty days, LSA-R.S. 33:2556 (2) provides that a substitute appointment ". . . shall be made in the same manner as provided in LSA-R.S. 33:2554 for the filling of a vacancy by a regular and permanent appointment, and further provides that a substitute appointment must be made from the reinstatement list, the re-employment list, or the promotional list, in that order.
Applying the law to your case at hand, if the deputy fire chief is away on authorized leave from his office for less than thirty days, the appointing authority may appoint any one whom it deems qualified to fill the vacancy. Thus, the appointing authority may appoint the district fire chief to fill the vacancy left by the deputy fire chief while he is on authorized leave not exceeding thirty days if the appointing authority believes that the district fire chief is qualified to fill the position. If the deputy fire chief's vacancy exceeds thirty days, the appointing authority is without discretion in the appointment of a substitute employee. The appointing authority must follow the procedure set out in LSA-R.S. 33:2554 which mandates a substitute appointment that exceeds thirty days must be made from the reinstatement list, the re-employment list, or the promotional list, in that order. Consequently, the appointing authority would not be able to arbitrarily appoint the district fire chief to fill the vacancy left by the deputy fire chief if the vacancy exceeds thirty days.
We hope this further explanation of the law clarifies all issues presented and we encourage you to contact the office of the State Examiner, Municipal Fire and Police Civil Service should you have any further questions regarding any of the issues addressed in this opinion.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 96-260
AUGUST 2, 1996
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE LSA-R.S. 33:2556(2); LSA-R.S. 33:2554
Addresses questions related to the subject of a substitute appointment where a deputy fire chief is on an authorized leave of absence.
Ms. Carolyn Gilmore St. Tammany Fire Protection District #1 34870 Grantham College Road Slidell, LA 70460
Dear Ms. Gilmore:
You have requested this office to render an opinion regarding the following question:
 Is a District Chief to be upgraded to the position of Deputy Fire Chief if the Deputy Fire Chief is out of his office due to sickness, vacations, schooling, etc.?
We would note that the office of the State Examiner, Municipal Fire and Police Civil Service, has already responded to you on this topic under letter dated October 9, 1995. After reviewing this response, and the law cited therein, our opinion is in conformity with that expressed by the office of the State Examiner. We would simply reiterate the law in this regard, specificly [specifically] LSA-R.S. 33:2556(2), providing that where there is an absence in a position for not more than thirty days, the appointing authority may make a substitute appointment to "any one whom he deems qualified" to any position in the classified service from which the regular and permanent employee is away on authorized leave. If an absence should exceed thirty days, LSA-R.S. 33:2556(2) provides that a substitute appointment ". . . shall be made in the same manner as provided in LSA-R.S. 33:2554" for the filling of a vacancy by a regular and permanent appointment. LSA-R.S. 33:2554 provides that a substitute appointment must be made from the reinstatement list, the re-employment list, or the promotional list, in that order.
Our records reflect no jurisprudence or change in the law which would require different conclusions than the above. Further, this office has not issued any opinions interpreting these statutes in the recent past which would be pertinent to the issues at hand. We conclude then, that the advice already given you by the State Examiner is sound and we encourage you to contact that agency should you have further questions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams